# UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF TENNESSEE
## Western Division

| | |
|---|---|
| **MSC MEDITERRANEAN SHIPPING COMPANY, S.A.,** ) <br> ) <br> Applicant ) <br> v. ) <br> ) <br> **V. ALEXANDER & CO., INC.,** ) <br> ) <br> Respondent. ) <br> ) | Misc. No. |

## MSC MEDITERRANEAN SHIPPING COMPANY, S.A.'S
## APPLICATION FOR ORDER ENFORCING
## ADMINISTRATIVE SUBPOENA DUCES TECUM

MSC Mediterranean Shipping Company, S.A. ("MSC") respectfully applies for an order requiring respondent V. Alexander & Co., Inc. ("Alexander") to obey an administrative subpoena duces tecum issued by the Administrative Law Judge ("ALJ") overseeing Docket Number 23-08[1] (the "Proceeding") before the Federal Maritime Commission ("FMC" or "Commission"). This application is being made pursuant to 46 U.S.C. § 41308 and 46 C.F.R. § 502.150(c). As explained below, Alexander has failed and/or refused to comply with the Commission's subpoena but has provided no valid basis for its refusal. In support of this application, MSC states as follows:

1. The Commission is an administrative agency of the United States Government created pursuant to Part D, Subtitle IV of Title 46 of the United States Code (46 U.S.C. § 46101, et seq.). The primary statute administered by the Commission is the Shipping Act of

---

[1] Docket No. 23-08, [MSC] Mediterranean Shipping Company, S.A. – Possible Violations of the Shipping Act, 46 U.S.C. §§ 41102(c), 40501, and 41104(a)(2)(A) was initiated by the FMC's Office of Enforcement against Respondent in that proceeding, MSC.

1

1984, as amended (46 U.S.C. § 40101 et. seq.) (the "Act") and empowered to administer provisions of the Act, including the issuance of subpoenas to nonparties in furtherance of its authority to adjudicate disputes arising under the Act and within its jurisdiction. 46 U.S.C. §§ 41301-41310; 46 C.F.R. §§ 502.131 and 502.146(c).

2. 46 C.F.R. § 502.131 and 46 C.F.R. § 502.146(c) authorize the Commission to issue subpoenas to nonparties as part of its authority to adjudicate claims arising under the Act.

3. MSC is a vessel operating common carrier within the meaning of 46 U.S.C. § 40102(7) and as such is subject to the Act and the jurisdiction of the Commission.

4. Alexander, who is a non-party to the Proceeding, is a provider of customs brokerage and compliance services and provided such services to other third parties for cargo transported by MSC. In relation to these shipments of cargo, MSC invoiced Alexander for ramp detention that accumulated during transit of the cargo. Alexander operates, and has a business address, at 51 Germantown Ct., Suite 300, Memphis, TN 38018.

5. Pursuant to its authority under 46 U.S.C. § 41302, on or about August 10, 2023, the Commission issued an Order of Investigation and Hearing, which Order commenced a proceeding to determine if MSC's invoices to Alexander violated the Act. The Proceeding was assigned FMC Docket No. 23-08.

6. On October 6, 2023, pursuant to a request from MSC, the ALJ to whom the Proceeding is assigned issued the subpoena duces tecum to Alexander (the "Subpoena"). The Subpoena directed Alexander to produce documents and communications related to its relationships and arrangements with the owners of the cargo; financial arrangements between Alexander and the cargo owners and MSC, including the responsibility for

paying the charges in question; and the payment of charges similar to those in question in the Proceeding. A copy of the Subpoena is attached hereto as Exhibit A.

7. Service of the Subpoena was accomplished on October 16, 2023. A copy of the affidavit of service is attached hereto as Exhibit B.

8. Under 46 C.F.R. § 502.131, Alexander was required to comply with the Subpoena and produce documents identified in the Subpoena no later than 20 days after service.

9. Under 46 U.S.C. § 41308, in the event of refusal to obey an order or failure to comply with a subpoena issued by the Commission, the party seeking to enforce the subpoena may seek enforcement by a United States District Court having jurisdiction over the parties.

10. To date, Alexander has not complied with the Subpoena.

11. Alexander's failure and refusal to produce the subpoenaed documents and communications has impeded MSC's ability to defend itself against the allegations made by the Commission in Docket Number 23-08.

WHEREFORE, the Applicant, MSC, respectfully prays that this court:

(1) Direct Alexander to fully comply with the terms of the Subpoena within fourteen (14) calendar days of the Court's order; and

(2) Grant such further relief as may be necessary and appropriate.

Respectfully submitted,

COZEN O'CONNOR


By: _/s/ Tracey A. Jordan_____
Tracey A. Jordan (TN BPR# 037423)
Wayne R. Rohde
Kathryn Sobotta
Rachel Schwartz
Cozen O'Connor
1200 19th Street NW, Suite 300
Washington, D.C. 20036
Telephone:  (202) 463-2507
Facsimile: (202) 640-5912
tjordan@cozen.com
wrohde@cozen.com
ksobotta@cozen.com
rschwartz@cozen.com

*Counsel to Applicant, MSC Mediterranean Shipping Company, S.A.*

# Exhibit A

BEFORE THE
FEDERAL MARITIME COMMISSION

_____

DOCKET NO. 23-08

MEDITERRANEAN SHIPPING COMPANY, S.A. – POSSIBLE VIOLATIONS OF THE SHIPPING ACT, 46 U.S.C. §§ 41102(c), 40501 and 41104(a)(2)(A)

_____

RESPONDENT'S SUBPOENA FOR
PRODUCTION OF DOCUMENTS

**TO:** V. Alexander & Co., Inc.
51 Germantown Ct., Suite 300
Memphis, TN 38018

Pursuant to Federal Maritime Commission Rule 131, 46 C.F.R. §502.131, you are hereby commanded to produce the documents listed in Exhibit 1 to this subpoena not later twenty (20) days after the date of service of this subpoena.  Documents shall be delivered to:

Cozen O'Connor
1200 19th Street, NW
Suite 300
Washington, D.C. 20036
Attention:  Wayne Rohde, Esq.

or delivered electronically to wrohde@cozen.com.

Pursuant to FMC Rule 502.136, 46 C.F.R. §502.136, "In the event of failure to comply with any subpoena or order issued in connection therewith, the Commission may seek enforcement as provided in §502.150(b)."

Pursuant to FMC Rule 502.132, 46 C.F.R. §502.132, you may move to quash or modify the subpoena within ten (10) days after service of the subpoena.  If production is

withheld on a claim that the contents at issue are privileged or subject to protection, that claim shall be made expressly and shall be supported by a description that is sufficient to enable the demanding party to contest the claim.

Signed this  6th  day of October, 2023.

_____
Alex M. Chintella
Administrative Law Judge

# EXHIBIT 1

## to Subpoena to V. Alexander & Co., Inc.

### DEFINITIONS AND INSTRUCTIONS

For purposes of this subpoena, the following terms shall have the meaning set forth below.

a.      "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every." The terms "any," "all," "each" and "every" should be understood in either their most or least inclusive sense as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of the scope.

b.      "And" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

c.      "Any" shall be construed to mean "any and all."

d.      "Communication" means the exchange of thoughts, messages, or information, such as by speech, statements, signals, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia, writing or behavior, whether oral or whether in the form of a document as the word "Document" is defined below. "Communication" includes communications that are made in the physical presence of persons to persons or persons to entities or entities to persons; those that are transmitted by writing or by media such as intercoms, telephones, including cellular phones, computers, television or radio; and those that are transmitted electronically such as by the internet, email, voice mail, or other electronic means.

e.      "Document" as used herein shall have the broadest possible meaning permitted under the Federal Rules of Civil Procedure and shall include, without limitation, the original and every non-identical copy of any written, recorded or graphic matter or data however produced or reproduced,

including by way of example, but not limited to, any agreements, contracts, applications, correspondence, letters, inter-office and/or intra-office memoranda, notes, messages, text messages, e-mail, voice mail, minutes of meetings, telegrams, calendars, personal organizers, rolodex entries, reports, records, orders, invoices, receipts, checks, statements, medical records, bills, books of account, bulletins, diaries, logs, journals, computer disks, computer data, computer programs, tapes, schedules, drawings, photographs, x-rays, graphs, charts, audio and/or video recordings, transcripts, spreadsheets, work papers, worksheets, and/or any other tangible things, writings, data compilations or documentary material of any nature whatsoever, together with all attachments thereto, in Your possession, custody or control. Every draft or non-identical copy of a document is a separate document. A document containing highlighting or notations is not identical to a document without such markings.

f.  "Including" shall be construed to mean "without limitation." "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

g.  The use of the singular form of any word includes the plural and vice versa.

h.  Each of the words "reflecting," "relating," and evidencing," shall be defined to include the common meanings of all those terms, and shall include indirect as well as direct references to the subject matter set forth in the Request.

i.  "You" or "Your" means V. Alexander & Co., Inc. and its officers, directors, employees, affiliates, associates, agents, attorneys, parents, subsidiaries, divisions, predecessors, successors, committees, and all other persons or entities acting or purporting to act on its behalf or at its direction.

# REQUEST FOR DOCUMENTS

1. Documents evidencing or reflecting (i) the services You provided to Bridgestone Corporation and/or Bridgestone Industrial Products America, Inc. during calendar year 2018 and (ii) the terms and conditions upon which those services were provided.

2. Documents evidencing Communications between You and MSC Mediterranean Shipping Company S.A. and/or Mediterranean Shipping Company (USA) Inc. (jointly, "MSC") during calendar year 2018 regarding the assessment and/or payment of ocean freight, inland freight, and/or other charges (including but not limited to all types of demurrage, detention and/or per diem) assessed by MSC. on cargo consigned to Bridgestone Industrial Products America, Inc.

3. Documents evidencing Communications between You and Bridgestone Industrial Products America, Inc. during calendar year 2018 regarding responsibility for payment of ocean freight, inland freight, and/or other charges (including but not limited to all types of demurrage, detention and/or per diem) assessed by MSC on cargo consigned to Bridgestone Industrial Products America, Inc.

4. Documents evidencing Communications between or among Your officers, employees, and/or agents during calendar year 2018 regarding the assessment and/or payment of ocean freight, inland freight, and/or other charges (including but not limited to all types of demurrage, detention and/or per diem) assessed by MSC. on cargo consigned to Bridgestone Industrial Products America, Inc.

5. Documents evidencing Communications between You and the Federal Maritime Commission at any time between January 1, 2018 and the present regarding the assessment and/or payment of ocean freight, inland freight, and/or other charges (including but not limited to all types

of demurrage, detention and/or per diem) assessed by MSC on cargo consigned to Bridgestone Industrial Products America, Inc.

# # # #

6

# Exhibit B

# AFFIDAVIT OF SERVICE

**District of Columbia**         **Federal Maritime Commission Court**

Case Number: 23-08

Plaintiff:
**FEDERAL MARITME COMMISSION**

vs.

Defendant:
**MEDITERRANEAN SHIPPING COMPANY, S.A.**

PNL2023008716

Received by JSSI Process Server on the 9th day of October, 2023 at 11:00 am to be served on **V. ALEXANDER & CO., INC., 51 GERMANTOWN CT., SUITE 300, MEMPHIS, TN 38018**.

I, **OTHNIEL PENN**, being duly sworn, depose and say that on the **13th day of October, 2023 at 2:24 pm**, I:

served a **CORPORATION** by delivering a true copy of the **RESPONDENT'S SUBPOENA FOR PRODUCTION OF DOCUMENTS; EXHIBIT 1** with the date and hour of service endorsed thereon by me, to: **RILEY KILGORE** as **CONTROLLER** for **V. ALEXANDER & CO., INC.**, at the address of: **51 GERMANTOWN CT., SUITE 300, MEMPHIS, TN 38018**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
10/13/2023 2:24 pm SERVICE COMPLETE at 51 GERMANTOWN CT. SUITE 300, MEMPHIS, TN 38018

**Description** of Person Served: Age: 30, Sex: M, Race/Skin Color: White, Height: 5'8", Weight: 200, Hair: Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. I have personal knowledge of the facts stated herein and they are true and correct.



Subscribed and Sworn to before me on

_13_ day of _Oct_, _2023_
by the affiant who is personally known to me or produced identification.

X _(signature)_
NOTARY PUBLIC

My Commission Expires _3/2 2024_

OTHNIEL PENN
PROCESS SERVER # B-233

*CLASSIC LEGAL SUPPORT, INC.*
*475 PARK AVENUE SOUTH*
*18TH FLOOR*
*NEW YORK, NEW YORK 10016*

Our Job Serial Number: PNL-2023008716
Ref: 23-08

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TENNESSEE
Western Division

| | |
|---|---|
| **MSC MEDITERRANEAN SHIPPING COMPANY, S.A.,** ) <br> ) <br>       **Applicant** ) <br>   v.                      ) <br> ) <br> **V. ALEXANDER & CO., INC.,** ) <br> ) <br>       **Respondent.** ) <br> ) | **Misc. No.** |

**ORDER**

Upon consideration of the application for enforcement of administrative subpoena by the Administrative Law Judge overseeing Docket Number 23-08 before Federal Maritime Commission, and any responses thereto,

**IT IS HEREBY ORDERED** that MSC Mediterranean Shipping Company, S.A.'s Application is **GRANTED**. Respondent V. Alexander & Co., Inc. shall provide the documents required by the Subpoena dated October 6, 2023, within fourteen (14) calendar days of entry of this order, by email directed to Wayne Rohde at wrohde@cozen.com, or by mail directed to Cozen O'Connor, c/o Wayne Rohde, at 1200 19th Street NW, Suite 300, Washington, DC 20002.

Dated this ___ day of _____, _____

_____
UNITED STATES DISTRICT JUDGE

1